| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

Billy Mazyck,

                     Petitioner,

   – against –

William Lee, Superintendent, Eastern New York Correctional Facility,

                     Respondent.

**MEMORANDUM & ORDER**

1:15-cv-6575 (ERK)

KORMAN, *J.*

     Billy Mazyck, currently incarcerated after convictions for first-degree manslaughter and assault in the second-degree, petitions for a writ of habeas corpus. Mazyck's convictions were based on his participation in a June 2002 shooting that resulted in the death of Audrey Townsel, and during which Audrey's son, Bakeem Townsel, was shot in the leg. After a jury trial, Mazyck was convicted of first-degree manslaughter, *see* N.Y. PENAL LAW § 125.20[1], and second-degree assault, *see* N.Y. PENAL LAW § 120.05[2], and sentenced to concurrent terms of twenty years imprisonment plus five years post-release supervision on the manslaughter count, and seven years imprisonment plus five years post-release supervision on the assault count. Mazyck's petition asserts four grounds for relief, but each lacks merit.

**FACTUAL BACKGROUND**

     Because two of petitioner's claims are based on the sufficiency of the trial evidence, some summary of the facts will be useful. In short, an argument between Audrey Townsel and Wayne Davidson led to multiple rounds of fisticuffs between Audrey's son Bakeem and Davidson over the course of an afternoon in Coney Island—with Bakeem besting Davidson each time. Davidson

was furious, and rounded up his friends to retaliate. Among those friends were the petitioner, Billy Mazyck, and Mazyck's friend Arthur Alston, who would later become the prosecution's chief witness against Mazyck. Mazyck, Alston, and two others took a cab from Bushwick to Coney Island. Alston testified that Mazyck and another of Davidson's friends, Dave Hardman, were carrying loaded guns (the jury later acquitted Mazyck of the gun charge). After this group met up with Davidson and his girlfriend, Francine Gannett, they all went up to Audrey Townsel's apartment, where Bakeem was staying. Gannett, who was friendly with Audrey, knocked on her door, and was let in by her boyfriend. Shortly thereafter, a scuffle ensued between Gannett and Audrey, and Davidson's friends rushed the door and began firing their guns into the apartment. Alston testified that it was Hardman and petitioner Mazyck who were firing their weapons. During the onslaught, Audrey Townsel was shot and killed, and Bakeem was shot in the leg.

## DISCUSSION

Mazyck's first ground for relief is that the trial evidence was insufficient to convict him of second-degree assault. In order to prevail under a sufficiency of the evidence argument in a habeas proceeding, the petitioner "bears a very heavy burden." *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d Cir. 1997). In assessing such cases, the reviewing court must decide whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 565 U.S. 1, 2 (2011).

For the purposes relevant here, "[a] person is guilty of assault in the second degree when: . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." N.Y. PENAL LAW § 120.05[2]. Mazyck argued that the prosecution failed to prove that Bakeem Townsel suffered "physical injury." Pet'r's Post Hr'g Mem. at 1. The Appellate Division, passing over the fact that this issue was not preserved for appellate review, held that Mazyck's argument lacked merit. "'Physical injury' means impairment of physical condition or substantial pain." N.Y. PENAL LAW § 10.00[9]. Here, the trial evidence showed that (1) Bakeem Townsel was shot in the left leg at relatively close range, (2) "the bullet entered the front of the knee and exited the back," Resp. to Order to Show Cause at 11, (3) Bakeem's pants were soaked with blood, and (4) Bakeem had to be transported to the ambulance in a wheelchair. Such evidence is sufficient to prove "physical injury." *See People v. Snyder*, 741 N.Y.S.2d 892 (N.Y. App. Div. 2002); *cf. People v. Tejada*, 578 N.E.2d 431 (N.Y. 1991) (finding that proof of profuse bleeding and visible scarring was sufficient to establish "physical injury"). Under these circumstances, the Appellate Division's decision to affirm the conviction did not constitute an objectively unreasonable application of federal law.

Mazyck's second claim for relief is that there was insufficient evidence to convict him for first-degree manslaughter. The prosecution's theory of the case was that Mazyck, at a minimum, was acting in concert with his friends, knew that some of his friends were carrying firearms, and that some of his friends intended to seriously harm Bakeem Townsel. To that end, Arthur Alston testified that Mazyck himself was carrying one of the firearms, and indeed, was one of the shooters. Because the jury acquitted Mazyck of the gun charge, it evidently was not persuaded by that part of Alston's testimony. But that does not mean that the jury was bound to reject Alston's testimony regarding the plan to harm Bakeem. Moreover, Mazyck's own statements to police corroborated

some of Alston's testimony, such as the fact that Mazyck was a part of Davidson's entourage, whose objective was to retaliate against Bakeem. Ex. B (Pet'r's § 440 Mot.) at 7. Viewed in the light most favorable to the prosecution, this evidence was sufficient to support a conviction for first-degree manslaughter. Under these circumstances, the Appellate Division's decision to affirm the conviction did not constitute an objectively unreasonable application of federal law.

Next, Mazyck argues that his motion to vacate should have been granted after he came forward with evidence that a key prosecution witness had recanted. Mazyck submitted an affidavit from inmate Richard Pellicia stating that Arthur Alston, the state's key witness against Mazyck, had told Pellicia that Alston himself was one of the shooters of the Townsels, calling into question the truthfulness of Alston's trial testimony. The state court conducted a full evidentiary hearing where Pellicia and Alston testified. Notably, Alston denied recanting his testimony. Justice Chun found Alston to be more credible than Pellicia, and therefore denied the motion to vacate the conviction. Ex. H, at 7–8. Mazyck has not presented "clear and convincing evidence" that this credibility determination was erroneous. *See* 28 U.S.C. § 2254(e)(1).

Finally, Mazyck alleges that the prosecutor failed to turn over exculpatory evidence. Specifically, in Mazcyk's pre-hearing § 440 motion before the trial court, he "raise[d] the troubling possibility that Alston lied at trial, with the People's acquiesence [sic], about his cooperation agreement." Pet'r's § 440 Mot. at 5. Nevertheless, in Mazyck's memorandum following his § 440 hearing, he conceded that "the evidence at the hearing did not support the conclusion that any misconduct was involved." Pet'r's Post Hr'g Mem. at 1. Petitioner cannot now claw back his concession that this claim lacks merit.

**PETITION DENIED.**

Brooklyn, New York
March 31, 2017

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge